UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re AXA ROSENBERG INVESTOR LITIGATION<br><br>This Document Relates To: All Actions | Master File No. CV 11-00536 JSW<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |

1  WHEREAS, (i) Defendants AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg (the "Settling Defendants"); (ii) plaintiffs Government of Guam Retirement Fund, Sacramento County Employees' Retirement System, Board of Trustees of the Pipefitters Local 636 Defined Benefit Pension Plan, Board of Trustees of the National Elevator Industry Health Benefit Fund ("Named Plaintiffs"), and Trustees of the Carpenters Pension Fund of Illinois (collectively, with Named Plaintiffs, the "Settling Plaintiffs"); and (iii) the Class, have determined to settle the above-captioned consolidated class action (the "Action") on the terms set forth in the Stipulation of Settlement dated as of November 1, 2011 (the "Stipulation");

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation and the settlement provided for by the Stipulation (the "Settlement"), and on December 6, 2011, preliminarily approved the Settlement and directed that Notice of the Settlement and of the requested attorneys' fees, reimbursement of expenses and Service Awards be sent to the Class (the "Preliminary Approval Order") (ECF No. 64);

WHEREAS, Notice was disseminated to the Class, and the Court conducted a hearing on March 30, 2012 (the "Settlement Hearing") following Notice of the Settlement;

WHEREAS, the Court has reviewed Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards; and

WHEREAS, the Court has found good cause for entering the following Order,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3.  Notice of the Motion for Attorneys' Fees, Reimbursement of Expenses and Service Awards was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

1    4.   Class Members and any party from whom payment is sought have been given the
2 opportunity to object to the Motion in compliance with Fed. R. Civ. P. 23(h)(2).

3    5.   The Motion for Attorneys' Fees, Reimbursement of Expenses and Service Awards is
4 hereby GRANTED.

5    6.   The Court hereby awards attorneys' fees of 18% of the Settlement Fund net of Court-
6 approved litigation expenses payable to Lead Counsel. The Court finds that an award of attorneys' fees
7 of 18% of the Settlement Fund, which is based on the lowest fee percentage in any of the agreements
8 Lead Counsel had with clients, is fair and reasonable in light of the following factors, among others: the
9 contingent nature of the case; the risks of this complex litigation; the quality of the legal services
10 rendered; the benefits derived by the Class; the institutional Named Plaintiffs' support of the fee and
11 expense application; the fees awarded in similar actions; and the reaction of the Class. Further, the
12 requested award of attorneys' fees is also supported by a lodestar multiplier cross-check.

13    7.   The Court has reviewed Lead Counsel's hours devoted to this case and concludes that
14 they are reasonable. The Court has also reviewed Lead Counsel's hourly rates and concludes that these
15 rates are appropriate for attorneys in this locality of Lead Counsel's skill and experience. The fee award
16 is justified by the risk Lead Counsel undertook and the particularly efficient results they achieved for the
17 Class through the quality of their representation of the Named Plaintiffs and the Class in this complex
18 litigation.

19    8.   The Court also grants Lead Counsel's request for reimbursement of litigation expenses in
20 the amount of $185,055. The litigation expenses incurred by Lead Counsel have been adequately
21 documented and were reasonably incurred for the benefit of the Class, and the Court finds that
22 reimbursement of those expenses is justified.

23    9.   Pursuant to Paragraph 18 of the Stipulation, the attorneys' fees and expenses awarded
24 herein shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order,
25 notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or
26 collateral attack on the Settlement or any part thereof;

27    10.  The Court also grants the Settling Plaintiffs' request for a service award of $10,000 each.
28 The Court finds that the Settling Plaintiffs' contribution to the litigation and settlement process,

including by assisting counsel with the pre-filing investigations and the preparation of the complaints, evaluating discovery, reviewing pleadings, staying abreast of settlement negotiations, and reviewing and approving the settlement terms warrants a Service Award of $10,000 for each of the five Settling Plaintiffs.

11. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: __April 2, 2012__   _____*Jeffrey S. White*_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE